U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 20 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GERALD RACHAL** | : | **DOCKET NO. 07-1511 (Lead)**<br>**consolidated with 07-1512 (Member)** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **ALLSTATE INS. CO.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court are two motions: (1) "Allstate Insurance Company's Motion for Partial Summary Judgment on Plaintiff's Claim under La. R.S. 22:658" (doc. #21) in the lead case, 07-1511 and (2) "Allstate Insurance Company's Motion for Partial Summary Judgment on Plaintiff's Claim under La. R.S. 22:658" (doc. #17) in the consolidated member case, 07-1512. Because the two cases involve the same insured and insurer, but different buildings, the two cases were consolidated on May 28, 2008.[1]

## FACTUAL STATEMENT

Plaintiff makes the following allegations in his Complaint: Allstate Insurance Co. ("Allstate") insured the Plaintiff's properties in Lake Charles, Louisiana. The properties are located at 2217 9th St. and 2217 ½ 9th St. ("Property A")[2] and 2215 9th St. and 2215 ½ 9th St. ("Property B").[3] The properties were damaged on September 24, 2005 as a result of Hurricane Rita. As to Property

---

[1] See Orders, docs. #38 and 21 in Docket nos. 07-1511 and 07-1512, respectively.

[2] This property is the subject matter of Docket no. 07-1511.

[3] This property is the subject matter of Docket no. 07-1512.

A, Allstate determined that the total loss relating to Plaintiff's claim totaled $40,085.01 with recoverable depreciation of $747.74; as to Property B, Allstate determined that the total loss relating to Plaintiff's claims totaled $20,992.87 with recoverable depreciation of $1,058.63. Plaintiff continued to complain to Allstate regarding the unreasonably low adjustments on the two properties and on April 17, 2007, Plaintiff sent Allstate a certified letter with satisfactory proof of loss on both properties.

Plaintiff is asserting claims for statutory penalties, attorney's fees and costs under Louisiana Revised Statutes 22:658 and 22:1220 as well as general damages for Allstate's breach of duty of good faith and fair dealing.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[5] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[6] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving

---

[4] Fed. R.Civ. P. 56(c).

[5] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[6] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

party's claim."[7] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[8] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[9] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[10] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[11]

## LAW AND ANALYSIS

Plaintiff is seeking attorneys fees and penalties pursuant to Louisiana Revised Statute § 22:658. The Louisiana Legislature amended the statute, effective August 15, 2006, which now permits an award of attorneys' fees and increases potential penalties from 25% to 50%. Allstate has filed the instant motions for partial summary judgment requesting that this Court find that Plaintiff's claims arose before the § 22:658 penalty provisions were amended because Plaintiff submitted his proof of loss prior to the amendment. Thus, Allstate submits that if it is held liable under § 22:658, the new amended version of the statute would not apply.

The parties do not dispute that the statute is not retroactive. However, Plaintiff argues that his claim for penalties and attorneys fees under the new version of § 22:658 applies because of

---

[7] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[8] *Anderson,* 477 U.S. at 249.

[9] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[11] *Anderson,* 477 U.S. at 249-50.

actions taken by Allstate after the effective date of the amended statute. Allstate argues that because Plaintiff's claim arose before the statute's enactment, the new statute is inapplicable. Allstate specifically points to Plaintiff's complaint which makes the following allegations, "Allstate had satisfactory proof of loss upon its initial inspection of the premises, yet unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storm."[12] Allstate submits summary judgment evidence that establishes that its initial inspection of the premises was performed on November 1, 2005.

Plaintiff argues that the application of the amendment to § 22:658 is a matter of timing – the timing of when satisfactory proof is given to the insurer, not the date of the loss. Plaintiff submits that Allstate continued to adjust the claim, and Plaintiff continued to complain and discover new damage after the date of the amendment. Thus, Plaintiff maintains that to the extent Allstate failed to pay a fair amount based upon the proof of the loss provided to it at any given time, it is subject to the penalties in effect at that time. Plaintiff submits summary judgment evidence to establish that on April 8, 2008, the Cost Control Services report established satisfactory proof of loss and the affidavit of Gerald Rachal established that as time passed, additional damages were discovered and brought to Allstate's attention.

Both parties rely on *Sher v. Lafayette Ins. Co.*,[13] a very recent case, which held that the § 22:658 statutory amendment could not be applied retroactively. More significantly, in determining whether the insurer could be potentially held liable under the new amended version of § 22:658, the Court stated:

---

[12] Petition, ¶ 7.

[13] — So.2d —, 2008 WL 928486 (La. 4/8/2008).

Here, although an insurer has a continuing duty of good faith and fair dealing which extends through the litigation period, the claim first arose prior to the amendment of R.S. 22:658. Because the duty is a continuing one, had plaintiff not first made satisfactory proof of loss prior to the amendment of R.S. 22:658, his petition for damages served after the amendment became effective could have served as satisfactory proof, thereby triggering the time period set forth in the statute and could have subjected Lafayette (insurer) to the penalties contained in the amendment because the claim would have first arisen *after* the amendment. Further, again *because the duty is a continuing one, had plaintiff made satisfactory proof of loss prior to the amendment and had Lafayette paid that claim, and had plaintiff discovered new damage and made satisfactory proof which Lafayette failed to pay within the time period contained in the statute, but after the amendment became effective, Lafayette could have been subject to the penalties contained in the amendment because the claim would have arisen after the effective date of the amendment.* (emphasis added)

Allstate argues that because Plaintiff provided proof of loss prior to the effective date, this fact is dispositive of the issue because under *Sher,* the pre-amended version applies. Allstate further remarks, that "[a]s the *Sher* court held, it is only where a Plaintiff did not have a cause of action prior to the effective date of the amendment and a completely new (not amended or additional) proof of loss was filed after the amended version of § 22:658 came into effect, which indisputably did not happen here, that the pre-amended version of the statute would not apply."[14]

Plaintiff claims that the estimate prepared by Allstate dated January 30, 2007, the estimate prepared by Allstate dated March 1, 2007, and a report prepared by Cost Control Services dated April 8, 2008 establishes a proof of loss of newly discovered damage after the date of the amendment which Allstate failed to pay a fair amount subjecting the insurer to the penalties and attorneys fees under the revised statute. The Court concludes that Plaintiff has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial as to whether or not these new estimates contained satisfactory proof of loss of new damage, not previously discovered,

---

[14] Allstate's reply brief, p. 3.

5

which could potentially subject Allstate to the penalties and attorneys fees found in Louisiana Revised Statute § 22:658, as amended.

## CONCLUSION

Based on the foregoing, the motions for summary judgment will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of June, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE